## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **NATHANIEL YOUNG, #324433,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 25-cv-01761-JPG** |
| | ) | |
| **CITY OF WASHINGTON PARK /** | ) | |
| **VILLAGE OF WASHINGTON PARK,** | ) | |
| **MAYOR OF WASHINGTON PARK, and** | ) | |
| **BAXTON MOORE, Jr.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of Plaintiff Nathaniel Young's First Amended Complaint (Doc. 12) brought pursuant to 42 U.S.C. § 1983 for constitutional deprivations stemming from several unlawful searches, seizures, and arrests by Washington Park Officer Baxton Moore, Jr.  Plaintiff seeks money damages from the officer, mayor, and municipality.  *Id*.

The First Amended Complaint is now before the Court for review under 28 U.S.C. § 1915A, which requires screening and dismissal of any portion of a prisoner's complaint that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant.  *See* 28 U.S.C. §§ 1915A(a)-(b).  At this juncture, the factual allegations in the *pro se* amended complaint are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**First Amended Complaint**

Plaintiff makes the following allegations in the Amended Complaint (Doc. 12, pp. 5-8): Officer Baxton Moore, Jr., violated Plaintiff's constitutional rights when the officer trespassed onto his property, unlawfully entered his home, harassed him, and handcuffed him without a warrant. *Id*. at 5-8. The officer engaged in this misconduct repeatedly, and the neighbors observed it. *Id*. at 6.

On March 1, 2025, Plaintiff alleges that Officer Moore entered Plaintiff's residence "illegally without a warrant." *Id*. The officer made his way into the bedroom while the plaintiff was engaged in sexual intercourse with his girlfriend and mother of his children, Latoya Johnson. When she noticed the officer, Johnson alerted Plaintiff who jumped up and turned around to see Officer Moore. Plaintiff asked the officer what he was doing in his home, and Officer Moore responded, "Nigga, you left the door open[.] [H]ow you think I got in[?]" *Id*. Plaintiff again asked the officer why he was there, and the officer said he was looking for a woman named Yvetta Young. He asked, "[Y]ou mind if I search?" *Id*. at 7. Plaintiff insisted that the officer leave immediately. As he left, the officer laughed and said, "I'll be back." *Id*.

On July 26, 2025, Plaintiff was asleep in his home when Officer Moore returned. He wrongfully entered the plaintiff's home "for the million[th] time" on "made up charges." *Id*. at 7-8. The officer woke up the plaintiff by yelling, "It's county time. Wake up!" *Id*.

From 2023-25, Officer Moore repeatedly engaged in this type of misconduct. During this time, Officer Moore was the only officer to ever enter his property, handcuff him, arrest him, or

place him on a 48-hour hold[1] in St. Clair County Jail.  In the process, Officer Moore towed away

numerous vehicles.  Each time, Officer Moore acted without legal justification.  *Id*.

Plaintiff filed complaints about Officer Moore with Washington Park, the mayor, the police

chief, and the state police.  *Id*. at 7.  He also filed for orders of protection against the officer.  *Id*.

Plaintiff claims the officer's conduct violated his rights under the Fourth and Eighth Amendments,

resulted from unconstitutional policies, customs, or practices of Washington Park and/or its Mayor,

and amounted to trespass under Illinois law.  *Id*. at 5.

### Discussion

The Court designates the following claims in this *pro se* First Amended Complaint:

| | |
|---|---|
| **Count 1:** | Fourth and/or Eighth Amendment claim[2] against Officer Moore for the unlawful search and seizure in Plaintiff's home on or around March 1, 2025. |
| **Count 2:** | Fourth and/or Eighth Amendment claim[3] against Officer Moore for the unlawful search and seizure in Plaintiff's home on or around June 26, 2025. |
| **Count 3:** | Fourth and/or Eighth Amendment claim[4] against the Village of Washington Park and/or City of Washington Park and Mayor for policies, customs, or practices that resulted in the unlawful searches, seizures, and arrests of Plaintiff from 2023-25. |
| **Count 4:** | Fourteenth Amendment property loss claim against Officer Moore for towing Plaintiff's vehicles away from his property on numerous occasions without justification. |
| **Count 5:** | Illinois trespassing claim against Officer Moore for the unlawful entry onto Plaintiff's property on or around March 1, 2025 and June 26, 2025. |

---

[1] Plaintiff offers no specific examples of instances when he was actually handcuffed, arrested, and placed on a 48-hour at St. Clair County Jail, so any claims arising from these incidents are considered dismissed without prejudice from this action.

[2] The Eighth Amendment guards against cruel and unusual punishment of convicted persons.  U.S. CONST. amend VIII.  Because Plaintiff was not a convicted person at the time his claims arose, the Eighth Amendment does not apply.

[3] *Id*.

[4] *Id*.

Any other claim implicated in the First Amended Complaint but not addressed herein are considered dismissed without prejudice as inadequately pled under *Twombly*.[5]

### Counts 1 and 2

The Fourth Amendment protects against unreasonable searches and seizures. U.S. CONST. amend IV. The Constitution draws a "firm line at the entrance to the house." *Payton v. New York*, 445 U.S. 573, 590 (1980). Warrantless searches and seizures inside a home are "presumptively unreasonable." *Canon v. Filip*, -- F.4th --, App. Nos. 24-2655, 24-3113, 2025 WL 3771185, at *3 (7th Cir. Dec. 31, 2025) (citing *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006)). Absent exigent circumstances, an officer cannot reasonably cross the threshold without a warrant. *Id*.

Reasonableness is the "ultimate touchstone" of the Fourth Amendment. *Id*. (quoting *Kentucky v. King*, 563 U.S. 452, 459 (2011)). Certain exceptions to the warrant requirement exist. Under the emergency aid exception, for example, police officers may make warrantless entries and searches of a home when they reasonably believe that a person within the home needs immediate aide, a crime of domestic violence has occurred, or the threat of a crime still exists. *Mincey v. Arizona*, 437 U.S. 385, 392 (1978); *Canon v. Filip*, -- F.4th --, 2025 WL 3771185, at *3-4. The "reasonable belief" standard is objective and requires evidence that the "'circumstances as they appeared at the moment of entry would lead a reasonable, experienced law enforcement officer to believe that someone inside the house, apartment, or hotel room required immediate assistance.'" *United States v. Richardson*, 208 F.3d 626, 629 (7th Cir. 2000) (quoting *United States v. Arch*, 7 F.3d 1300, 1303-05 (7th Cir. 1993)).

The allegations suggest that Officer Moore's warrantless entries into Plaintiff's home on March 1, 2025 (Count 1) and June 26, 2025 (Count 2) lacked probable cause or a reasonable basis

---

[5] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

under the Fourth Amendment.  According to the allegations offered in support of Count 1 and liberally construed in his favor, Plaintiff was engaged in consensual sexual intercourse when the officer entered his home without a warrant or other reasonable justification on March 1, 2025.  *See Canon v. Filip*, -- F.4th --, 2025 WL 3771185 (7th Cir. Dec. 31, 2025) (addressing reasonableness of warrantless entry into home of two adults engaged in intercourse where third party reported that domestic violence was occurring).  According to the allegations offered in support of Count 2, Plaintiff was at home asleep when the officer again entered his home and bedroom without a warrant or other justification.  Both claims shall proceed against Officer Moore.

### Count 3

Plaintiff attempts to hold the municipality and its mayor liable for his injuries.  *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978).  Municipal liability arises from the execution of a government policy or custom that causes a constitutional deprivation.  *Id*.  Plaintiff points to no particular policy, custom, or practice attributable to the Village of Washington Park, City of Washington Park, or its Mayor.  His allegations are vague and conclusory and fall short of supporting a *Monell* claim.  Count 3 shall be dismissed without prejudice for failure to state a claim.  Because no other claims are brought against these defendants, the Village of Washington Park, City of Washington Park, and its Mayor shall be dismissed without prejudice and terminated as parties to this action.

### Count 4

Plaintiff also claims that several vehicles were unlawfully towed away by Officer Moore.  He offers no details about when this occurred, what vehicles were towed, or any events surrounding each incident.  Moreover, to pursue a claim under the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property without due process of law.  U.S.

CONST. amend XIV.  Where the state provides an adequate remedy, Plaintiff has no civil rights claim.  *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy).  Illinois provides adequate post-deprivation remedies, including an action for damages in the Illinois Court of Claims.  *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (citations omitted) ("A prisoner has adequate process where an adequate post-deprivation remedy is available to redress unauthorized confiscations of property.").  Count 4 shall be dismissed for failure to state a claim; this dismissal is without prejudice to Plaintiff pursuing relief in the Illinois Court of Claims.

**Count 5**

Turning to the state law claim,[6] Illinois tort law imposes liability for trespass onto land and real property.  *Olympian Group, LLC v. City of Markham*, 2020 WL 5820024, *12 (N.D. Ill. 2020) (citing *Dial v. City of O'Fallon*, 411 N.E.2d 217, 220 (Ill. 1980)).  To articulate a claim for trespass, Plaintiff must allege that the defendant intentionally "intruded on, or caused another to intrude on, the plaintiff's real property without authorization and in a manner that interfere[d] with the plaintiff's possessory rights."  *Olympian Group, LLC*, 2020 WL 5820024 at *12 (citations omitted).  According to the allegations, Officer Moore intentionally entered Plaintiff's real property and home without any alleged authority to do so and interfered with his possessory rights on March 1, 2025 and June 26, 2025.  At this stage, the Court will allow Plaintiff to proceed with his trespass claim against Officer Moore in Count 5.

**<u>Disposition</u>**

**IT IS ORDERED** that the First Amended Complaint (Doc. 12) survives review under 28 U.S.C. § 1915A, as follows: **COUNTS 1, 2,** and **5** will proceed against **BAXTON MOORE, Jr.**

---

[6] This court will exercise supplemental jurisdiction over this state law claim because it is so related to the federal claims that it forms part of the same case or controversy.  *See* 28 U.S.C. § 1367(a).

**IT IS ORDERED** that **ALL OTHER CLAIMS** and **DEFENDANTS** are **DISMISSED** without prejudice.

The Clerk of Court shall prepare for Defendant **BAXTON MOORE, Jr.**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 12), and this Memorandum and Order to the defendant's place of employment. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be kept in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **<u>Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendant need only respond to the issues stated in this Merits Review Order</u>**.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

7

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to TERMINATE the VILLAGE OF WASHINGTON PARK, CITY OF WASHINGTON PARK, and MAYOR OF WASHINGTON PARK as parties in CM/ECF.**

**IT IS SO ORDERED.**

**DATED: 1/8/2026**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

**Notice**

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve him with a copy of your First Amended Complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your First Amended Complaint. It will likely take at least 60 days from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take 90 days or more. When the defendant has filed an answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions. Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.